

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00120-CR

_____

FREDDIE LEE KING, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th Judicial District Court
Smith County, Texas
Trial Court No. 007-2239-09

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Freddie Lee King pled guilty to possession of cocaine in an amount of less than one gram.[1] Pursuant to his plea of true to two enhancement allegations, the trial court sentenced King to twelve years' imprisonment in the Texas Department of Criminal Justice–Institutional Division and ordered him to pay $140.00 in restitution to the Smith County Collections Department as a drug laboratory fee. King appeals, challenging: (1) the trial court's alleged failure to consider the full range of punishment, and (2) the restitution award. Because King failed to preserve his first point of error for our review, it is overruled. However, we modify the trial court's judgment to delete the restitution award and to correct the degree of offense listed in the judgment.

King cites to the following statements made by the trial court during the punishment hearing to suggest that the trial court did not consider the full range of punishment:

> Mr. King, your lawyer, I think, alluded to one of the things I typically tell defendants. And that is I always try to assess the case based upon what I think a Smith County jury would do with the evidence if it were presented to them. Because, frankly, I think a defendant ought not to be punished more harshly by a Court handling punishment just because the Court sees these day in and day out. Also don't think a defendant should be punished less severe just because the same issue . . . .
>
> In this case your lawyer, I think, alluded to the fact that by having prior felony convictions you would not be probation eligible from a jury, which is true.

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

> Frankly, according to my count, this will be your fifth felony conviction, which I think a jury would be pretty, frankly, unhappy with.[2]

King argues that this speech by the trial court demonstrated that the court foreclosed the opportunity for community supervision of any kind. He complains the trial court erred in violating his rights to "due process and due course of law."

We have previously stated:

> A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. Such a complaint is not preserved for review unless a timely objection is raised.

*Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd) (citations omitted). King admits in his brief, and the record demonstrates, that King failed to raise this issue with the trial court. Because this point of error has not been preserved, it is overruled. *See* TEX. R. APP. P. 33.1.

In his second point of error, King alleges the trial court erred in awarding restitution to the Smith County Collections Department for "lab analysis fees." We agree.[3] Texas courts have held that while a trial court can order a defendant to pay laboratory fees as a condition of community supervision or pursuant to a plea agreement, it cannot order payment of laboratory fees

---

[2]The trial court had the benefit of a presentence investigation report demonstrating King had a lengthy criminal history and had violated conditions of community supervision in the past.

[3]Though King did not raise this issue with the trial court, a party need not object to preserve an evidentiary sufficiency claim concerning a restitution order or the amount of restitution. *Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010).

as restitution, since the expenses incurred during such testing are not sustained as a result of being the victim of a crime. *Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.); *Uresti v. State*, 98 S.W.3d 321, 338 (Tex. App.—Houston [1st Dist.] 2003, no pet.).[4] We modify the trial court's judgment to delete the award of restitution.

As a final matter, we also notice that the trial court's judgment incorrectly listed the degree of offense for possession of under one gram of cocaine as a second-degree felony. Possession of cocaine in an amount less than one gram is a state-jail felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2010). However, as here, if it is shown that the defendant "has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony." TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon Supp. 2010). Although Section 12.42(a)(2) was properly used to enhance King's punishment range, it could not increase the level of the original offense. We have the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act

---

[4]Further, the amount of restitution must be supported by the record. *Campbell v. State*, 5 S.W.3d 693, 696, 699 (Tex. Crim. App. 1999). Our review of the record reveals there was no evidence of the cost of the laboratory analysis fee.

sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, writ ref'd)); *see French*, 830 S.W.2d at 609). Accordingly, we also modify the trial court's judgment to reflect King's conviction to be of a state-jail felony.

As modified, we affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     December 20, 2010
Date Decided:       December 21, 2010

Do Not Publish

5