# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-06-00497-CR

---

**Daniel Aguilar, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 57943, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

---

## O P I N I O N

On July 28, 2005, Daniel Aguilar pleaded guilty to possession of less than one gram of methamphetamine, a state jail felony. *See* Tex. Health & Safety Code Ann. § 481.102(6) (West Supp. 2006), § 481.115(a), (b) (West 2003). The trial court found the evidence sufficient to support a finding that Aguilar was guilty but deferred the adjudication of guilt and placed Aguilar on community supervision for three years pursuant to a plea bargain. On November 30, 2005, the State filed a motion to adjudicate guilt, alleging that Aguilar violated multiple conditions of his deferred adjudication community supervision. At the hearing on December 16, 2005, Aguilar pleaded true to those allegations. The trial court found that Aguilar violated the conditions of his deferred adjudication community supervision and adjudicated him guilty of the underlying offense. The trial court assessed a punishment of two years in the state jail but placed Aguilar on probation for five years, again pursuant to a plea bargain.

The State filed a motion to revoke Aguilar's probation on March 29, 2006, and a first amended motion to revoke Aguilar's probation on April 12, 2006, both alleging numerous violations of the conditions of Aguilar's probation. A hearing was held on July 14, 2006, and Aguilar pleaded true to the allegations. The trial court sentenced Aguilar to eighteen months in the state jail and announced from the bench, "I order that you pay all court costs, court appointed attorney's fees, and $140 lab fee within six months after your release from the state jail." However, the written judgment states, "PAROLE CONDITION: DEFENDANT ORDERED BY COURT TO PAY COURT COSTS, ATTORNEY FEES, FINES, AND RESTITUTION AS A CONDITION OF PAROLE."

In his sole point of error on appeal, Aguilar argues that the trial court erred by ordering him to pay court costs, attorney's fees, and lab fees because Texas trial courts lack authority to place conditions on a convicted defendant's parole, because parole is not available for a person convicted of a state jail felony, and because the trial court otherwise lacked authority to order the payments. We will modify the trial court's judgment.

A Texas trial court's authority to order a defendant to make payments depends on the type of proceeding involved and the nature of the payment.

A trial court lacks authority to place any condition on a convicted defendant's parole. *Bray v. State*, 179 S.W.3d 725, 728 (Tex. App.—Fort Worth 2005, no pet.). The authority to place conditions on a defendant's parole is solely within the purview of the Board of Pardons and Paroles. *McNeill v. State*, 991 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd, untimely filed); *see* Tex. Gov't Code Ann. § 508.221 (West 2004). A defendant convicted of a state jail felony is not eligible for parole. Tex. Gov't Code Ann. § 508.141(a)(1) (West 2004); *Best v. State*,

2

118 S.W.3d 857, 866 (Tex. App.—Fort Worth 2003, no pet.). Therefore, the trial court clearly lacked authority to order Aguilar to pay court costs, attorney's fees, and lab fees as a condition of parole.

A trial court, however, does have the authority to order a defendant to pay court costs at some later date as part of its judgment. Tex. Code Crim. Proc. Ann. arts. 42.15(a), (b)(2) ("When the defendant is fined, the judgment shall be that the defendant pay the amount of the fine and all costs to the state. . . . When imposing a fine and costs a court may direct a defendant . . . to pay the entire fine and costs at some later date . . . ."), 42.16 (West 2006) ("If the punishment is any other than a fine, the judgment shall . . . adjudge the costs against the defendant, and order the collection thereof as in other cases."). If the court determines that the defendant has financial resources that allow him to offset the costs of his court appointed attorney, the court can order the defendant to pay all or a portion of the attorney's fees as court costs. *Id.* art. 26.05(g) (West Supp. 2006). Therefore, the trial court's oral order that Aguilar pay court costs and attorney's fees within six months of his release from the state jail was proper.

A trial court can also order a defendant to pay lab fees, but only as a condition of community supervision. *Id.* art. 42.12, § 11(a)(19) (West 2006) (providing that a court can order a defendant, as a condition of community supervision, to "[r]eimburse a law enforcement agency for the analysis, storage, or disposal of raw materials, controlled substances, chemical precursors, drug paraphernalia, or other materials seized in connection with the offense"). When a trial court revokes a defendant's community supervision, "[t]he judge shall enter the amount of restitution or reparation owed by the defendant on the date of revocation in the judgment in the case." *Id.* § 23(a).

3

Here, we must determine whether the trial court had authority to order Aguilar to reimburse the Department of Public Safety for lab fees when it revoked his probation. The State argues that the lab fees that Aguilar was ordered to pay constitute "restitution" under subsection 23(a) and that the trial court could validly order their payment upon revocation. However, a trial court may only order a defendant to pay restitution to a victim. *Id.* art. 42.037(a) (West 2006). The expenses incurred by the Department of Public Safety in testing the methamphetamine found in Aguilar's possession were not sustained as a result of being the victim of a crime. *Uresti v. State*, 98 S.W.3d 321, 338 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The Department of Public Safety was not the direct recipient of an injury caused by Aguilar's crime. *Id.* Therefore, the trial court lacked authority to order Aguilar to pay lab fees as restitution upon revoking his probation.[1]

---

[1] Likewise, the term "reparation" does not encompass lab fees. While "reparation" is not defined by the code of criminal procedure, it appears to refer to statutory language in the original version of the code of criminal procedure. The original probation statute in the code of criminal procedure provided that a trial court could require a defendant, as a condition of his probation, to "[p]ay his fine, if one be assessed, and all court costs whether a fine be assessed or not, in one or several sums, and make restitution or reparation in any sum that the court shall determine." Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, art. 42.12, sec. 6(h), 1965 Tex. Gen. Laws 317, 491.

Subsequent versions of the probation statute allowed trial courts to order a defendant to pay "restitution or reparation" and to reimburse a law enforcement agency for "analysis, storage, or disposal of raw materials, controlled substances, chemical precursors, drug paraphernalia, or other materials." *See, e.g.*, Act of May 31, 1993, 73d Leg., R.S., ch. 900, § 4.01, art. 42.12, sec. 11(a)(8), (21), 1993 Tex. Gen. Laws 3586, 3725–26. The fact that prior versions of the probation statute listed "restitution or reparation" separately from lab fees indicates that lab fees are not included in the phrase "restitution or reparation." *See Campbell v. State*, 49 S.W.3d 874, 876 (Tex. Crim. App. 2001) ("In analyzing the language of a statute, we assume that every word has been used for a purpose . . . .").

In 1993, the legislature deleted the "restitution or reparation" language from section 11 of article 42.12 and enacted article 42.037, an entire provision governing restitution. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 806, §§ 1–2, 1993 Tex. Gen. Laws 3207, 3207–09. Section 23 of article 42.12 has not been amended since the enactment of article 42.037.

We hold that "restitution or reparation" in section 23 of article 42.12 refers to the restitution

4

We have not found any other authority that would allow a trial court to order a defendant to pay lab fees upon revoking his probation, and the State has not pointed us to any.

In this case, the sentence pronounced by the trial court from the bench is different than the sentence reflected in the written judgment. When the oral pronouncement of a sentence and the written judgment differ, the oral pronouncement controls. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). The proper remedy in such a situation is to modify the trial court's judgment to match the oral pronouncement. *See Ex parte Madding*, 70 S.W.3d 131, 137 (Tex. Crim. App. 2002).

Therefore, we will modify the judgment to reflect that Aguilar is ordered to pay court costs and court appointed attorney's fees within six months after his release from the state jail not as a condition of parole, but under the trial court's authority granted by the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. arts. 26.05(g), 42.16. We will further modify the judgment to strike the portion ordering the payment of lab fees because the trial court lacked authority to order such a payment. *See Tyler v. State*, 137 S.W.3d 261, 267–68 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that modification was the correct remedy where the trial court imposed an unauthorized sentence).

We modify the portion of the trial court's judgment that currently reads "PAROLE CONDITION: DEFENDANT ORDERED BY COURT TO PAY COURT COSTS, ATTORNEY FEES, FINES, AND RESTITUTION AS A CONDITION OF PAROLE" to read as follows: "The

governed by article 42.037. Therefore, section 23 of article 42.12 did not empower the trial court to order Aguilar to pay lab fees to the Department of Public Safety upon the revocation of his probation as "restitution or reparation."

5

Defendant is ordered by the court to pay court costs and attorney's fees within six months of his release from the state jail."

As modified, we affirm the trial court's judgment.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Modified and, as Modified, Affirmed

Filed:   February 23, 2007

Publish