NO












 
 
 
 
 
 
  
 
 
 
 
  
 


NO. 12-09-00096-CR

NO. 12-09-00097-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

JOHN NELSON LANDRUM,

APPELLANT                                                     '     APPEAL
FROM THE 7TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH COUNTY,
TEXAS

APPELLEE

 





MEMORANDUM
OPINION ON REHEARING

PER
CURIAM

John Nelson Landrum has filed a motion for rehearing,
which is overruled.  The opinion of July 7, 2010 is withdrawn, and the
following opinion is substituted in its place. 

John
Nelson Landrum appeals his convictions for aggravated assault with a deadly
weapon and possession of less than one gram of methamphetamine, for which he
was sentenced to imprisonment for eighteen years and two years respectively. 
Appellant’s counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Thereafter, Appellant
filed a pro se brief.  We dismiss the appeal.

 

Background

Appellant
was charged by separate indictments with aggravated assault with a deadly
weapon and possession of less than one gram of methamphetamine.  Appellant
pleaded “guilty” as charged to each charged offense.  Appellant further pleaded
“true” to using or exhibiting a deadly weapon during the commission of or in
immediate flight from the aggravated assault.  The trial court admonished
Appellant and accepted his “guilty” pleas.  The record contains Appellant’s
stipulation to the evidence underlying each offense.  Following a bench trial
on punishment, the trial court found Appellant “guilty” as charged in each
cause and sentenced Appellant to imprisonment for eighteen years for aggravated
assault with a deadly weapon and two years for possession of a controlled
substance.  This appeal followed. 

 

Analysis Pursuant to Anders v. California

Appellant=s counsel filed a brief in compliance with Anders
v. California and Gainous v. State.  Appellant=s counsel states that he has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated.  He
further relates that he is well acquainted with the facts in this case.  In
compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978),
Appellant’s Anders brief presents a chronological
summation of the procedural history of the case and further states that
Appellant=s counsel is unable to raise any
arguable issues for appeal. 

Appellant
subsequently filed a pro se brief in which he raised the following issues: (1)
the trial court’s deadly weapon finding is not supported by legally sufficient
evidence; (2) the trial court’s deadly weapon finding is not supported by
factually sufficient evidence; (3) Appellant’s conviction for aggravated
assault is not supported by legally sufficient evidence; and (4) Appellant’s
conviction for aggravated assault is not supported by factually sufficient
evidence.  We have reviewed the record for reversible error and have found
none.  See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.
Crim. App. 2005).[1]

 

Conclusion

As
required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), Appellant’s counsel has moved for leave to withdraw.  See also In
re Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding).  We carried the motion for consideration with the merits.  Having
done so and finding no reversible error, Appellant’s counsel’s motion for leave
to withdraw is hereby granted and the appeal is dismissed.


Opinion delivered August 11, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] We are troubled by the trial
court’s pronouncement of Appellant’s sentence, particularly the statement that
Appellant pay restitution to the Texas Department of Public Safety.  See Tex. Code Crim. Proc. Ann. art. 42.037 (Vernon Supp. 2009); see
also Aguilar v. State, 279 S.W.3d 350, 353–54 (Tex. App.–Austin
2007, no pet.). 
However, the trial court did not set forth a particular dollar amount to be
paid as restitution in its oral pronouncement of sentence and the written
judgments of conviction each set forth $0.00 in restitution.  As such, there
were no de facto orders of restitution to a nonvictim and, thus, no reversible
error in that regard.