In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00120-CR

                                                ______________________________

 

 

                                       FREDDIE LEE
KING, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 7th Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 007-2239-09

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Freddie
Lee King pled guilty to possession of cocaine in an amount of less than one
gram.[1]  Pursuant to his plea of true to two
enhancement allegations, the trial court sentenced King to twelve years’ imprisonment
in the Texas Department of Criminal Justice–Institutional Division and ordered
him to pay $140.00 in restitution to the Smith County Collections Department as
a drug laboratory fee.  King appeals,
challenging:  (1) the trial court’s
alleged failure to consider the full range of punishment, and (2) the
restitution award.  Because King failed
to preserve his first point of error for our review, it is overruled.  However, we modify the trial court’s judgment
to delete the restitution award and to correct the degree of offense listed in
the judgment.  

            King
cites to the following statements made by the trial court during the punishment
hearing to suggest that the trial court did not consider the full range of
punishment: 

            Mr.
King, your lawyer, I think, alluded to one of the things I typically tell
defendants.  And that is I always try to
assess the case based upon what I think a Smith County jury would do with the
evidence if it were presented to them. 
Because, frankly, I think a defendant ought not to be punished more
harshly by a Court handling punishment just because the Court sees these day in
and day out.  Also don’t think a defendant
should be punished less severe just because the same issue . . . .  

 

            In
this case your lawyer, I think, alluded to the fact that by having prior felony
convictions you would not be probation eligible from a jury, which is
true.  Frankly, according to my count,
this will be your fifth felony conviction, which I think a jury would be
pretty, frankly, unhappy with.[2]  

 

King argues that this speech by
the trial court demonstrated that the court foreclosed the opportunity for
community supervision of any kind.  He
complains the trial court erred in violating his rights to “due process and due
course of law.”  

            We
have previously stated:

A court denies due process and due course of law
if it arbitrarily refuses to consider the entire range of punishment for an
offense or refuses to consider the evidence and imposes a predetermined
punishment.  Such a complaint is not
preserved for review unless a timely objection is raised.  

 

Teixeira v. State, 89 S.W.3d 190, 192 (Tex. App.––Texarkana 2002,
pet. ref’d) (citations omitted).  King
admits in his brief, and the record demonstrates, that King failed to raise
this issue with the trial court.  Because
this point of error has not been preserved, it is overruled.  See Tex. R. App. P.
33.1.  

            In
his second point of error, King alleges the trial court erred in awarding
restitution to the Smith County Collections Department for “lab analysis fees.”  We agree.[3]  Texas courts have held that while a trial
court can order a defendant to pay laboratory fees as a condition of community
supervision or pursuant to a plea agreement, it cannot order payment of laboratory
fees as restitution, since the expenses incurred during such testing are not
sustained as a result of being the victim of a crime.   Aguilar
v. State, 279 S.W.3d 350, 353 (Tex. App.––Austin 2007, no pet.); Uresti v. State, 98 S.W.3d 321, 338
(Tex. App.––Houston [1st Dist.] 2003, no pet.).[4]  We modify the trial court’s judgment to
delete the award of restitution.  

            As
a final matter, we also notice that the trial court’s judgment incorrectly
listed the degree of offense for possession of under one gram of cocaine as a
second-degree felony.  Possession of cocaine in an amount less than
one gram is a state-jail felony.  Tex. Health & Safety Code Ann. §
481.115(b) (Vernon 2010).  However, as
here, if it is shown that the defendant “has previously been finally convicted
of two felonies, and the second previous felony conviction is for an offense
that occurred subsequent to the first previous conviction having become final,
on conviction the defendant shall be punished for a second-degree felony.”  Tex.
Penal Code Ann. § 12.42(a)(2) (Vernon Supp. 2010).  Although Section 12.42(a)(2) was properly used
to enhance King’s punishment range, it could not increase the level of the
original offense.   We have the authority
to modify the judgment to make the record speak the truth when the matter has
been called to our attention by any source. 
Tex. R. App. P. 43.2; French
v. State, 830 S.W.2d
607, 609 (Tex. Crim. App. 1992); Rhoten
v. State, 299 S.W.3d 349, 356 (Tex. App.––Texarkana 2009, no pet.).  “Our authority to reform incorrect judgments
is not dependent on the request of any party, nor does it turn on a question of
whether a party has or has not objected in trial court; we may act sua sponte
and may have a duty to do so.”  Rhoten, 299 S.W.3d at 356 (citing Asberry v. State, 813 S.W.2d 526, 531
(Tex. App.––Dallas 1991, writ ref’d)); see
French, 830 S.W.2d at 609). 
Accordingly, we also modify the trial court’s judgment to reflect King’s
conviction to be of a state-jail felony. 

            As
modified, we affirm the trial court’s judgment. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          December
20, 2010

Date Decided:             December
21, 2010

 

Do Not Publish











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann. § 73.001
(Vernon 2005).  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex. R. App. P. 41.3.





[2]The
trial court had the benefit of a presentence investigation report demonstrating
King had a lengthy criminal history and had violated conditions of community
supervision in the past.    

 





[3]Though
King did not raise this issue with the trial court, a party need not object to
preserve an evidentiary sufficiency claim concerning a restitution order or the
amount of restitution.  Mayer v. State, 309 S.W.3d 552, 555
(Tex. Crim. App. 2010).  





[4]Further,
the amount of restitution must be supported by the record.  Campbell
v. State, 5 S.W.3d 693, 696, 699 (Tex. Crim. App. 1999).  Our review of the record reveals there was no
evidence of the cost of the laboratory analysis fee.