NO.
12-10-00001-CR

      

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

BENJAMIN
EUGENE JONES,                       '                 APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

Benjamin
Eugene Jones appeals his conviction for possession of a controlled substance. 
He raises two issues on appeal.  We modify the judgment of the trial court, and
as modified, affirm.

 

Background

            Pursuant
to a plea agreement, Appellant pleaded guilty to felony possession of a
controlled substance, and was placed on deferred adjudication community
supervision.  Three months later, the State filed an application to proceed to
final adjudication alleging that Appellant violated the terms of his community
supervision.  Of the six alleged violations, Appellant pleaded “true” to four,
and “not true” to the remaining allegations.  After a hearing, the trial court
found all the allegations to be true, adjudicated Appellant’s guilt, revoked
his community supervision, and orally pronounced his sentence as follows:
“[E]ight years confinement in the Institutional Division, a $10,000 fine.  Court
cost ordered paid.  Credit for time served is granted.”  However, the written
judgment of the court additionally ordered that Appellant pay $140.00 in
restitution.[1]

 

Restitution

            In
his first issue, Appellant argues that the oral pronouncement of judgment,
which does not order restitution, controls over the written judgment ordering
restitution, and that this court should modify the written judgment to delete
the restitution order.  In a related second issue, Appellant contends that the
trial court lacked authority to order him to pay restitution.

Standard
of Review and Applicable Law

When
an accused receives deferred adjudication, no sentence is imposed.  See Davis
v. State, 968 S.W.2d 368, 371 (Tex. Crim. App. 1998); Alexander
v. State, 301 S.W.3d 361, 363-64 (Tex. App.—Fort Worth 2009, no pet.). 
When the accused violates a condition of community supervision, the court may
proceed to adjudicate guilt and to assess punishment.  Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp.
2010); Taylor v. State, 131 S.W.3d 497, 499 (Tex. Crim. App.
2004).  An adjudication of guilt sets aside the order deferring adjudication,
including any previously imposed fines or restitution.  Taylor,
131 S.W.3d at 501-02 (noting that deferred adjudication differs in this regard
from conventional community supervision, where a fine orally pronounced at
sentencing survives revocation of probation).

A
defendant’s sentence must be pronounced orally in his presence.  Tex. Code Crim. Proc. Ann. art. 42.03,
§ 1(a) (Vernon Supp. 2010).  The judgment, including the sentence assessed, is
merely the written declaration and embodiment of that oral pronouncement.  Taylor,
131 S.W.3d at 500.  When there is a conflict between the oral pronouncement of
sentence and the sentence in the written judgment, the oral pronouncement
controls.  Id.  The rationale for this rule is that “the
imposition of sentence is the crucial moment when all of the parties are
physically present at the sentencing hearing and able to hear and respond to
the imposition of sentence.  Once he leaves the courtroom, the defendant begins
serving the sentence imposed.”  See Ex parte Madding, 70 S.W.3d
131, 135 (Tex. Crim. App. 2002).  This court has the authority to modify
incorrect judgments when the necessary information is available to do so.   See Tex. R. App. P. 43.2(b).

A
sentencing court may order the defendant to make restitution to any victim of
the offense.  See Tex. Code Crim.
Proc. Ann. art. 42.037(a) (Vernon Supp. 2010).  The burden of proving
the amount of loss sustained by the victim is on the state, and is a
preponderance of the evidence.  See id. art. 42.037(k).  Due
process considerations limit the restitution a trial court can order in three
ways: (1) the amount must be just and supported by a factual basis within the
record; (2) the restitution ordered must be for the offense for which the
defendant is criminally responsible; and (3) the restitution must be for the
victim or victims of the offense for which the defendant is charged.  See
Cabla v. State, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999); Drilling
v. State, 134 S.W.3d 468, 470 (Tex. App.—Waco 2004, no pet.).

Discussion

Appellant
argues that since the trial court’s oral rendition of judgment did not order
restitution, and since the oral pronouncement of sentence controls, we should
modify the trial court’s written judgment to delete the restitution order. 

The
State first argues that Appellant failed to preserve this issue.  We have held,
at least with respect to the complaint that the trial court lacks the legal
authority to assess restitution to the DPS,[2] that the defendant must preserve
this complaint by a contemporaneous objection.  See Kassube v. State,
Nos. 12-08-00364-CR, 12-08-00365-CR, 2010 WL 697362, at *3 (Tex. App.—Tyler
Feb. 26, 2010, no pet.) (mem. op., not designated for publication).  However,
we have imposed no such requirement when, as here, the trial court’s oral
pronouncement of judgment is silent on restitution, yet the subsequent written
judgment orders restitution.

Second,
the State argues that Kassube is similar factually and
procedurally, and more specifically, it argues that Appellant’s agreement to
pay restitution as part of his original plea agreement controls the disposition
of this case.[3]  See id.  However,
the trial court in Kassube ordered restitution in the written
judgment, but also orally pronounced that “[r]estitution is ordered to DPS in
the amount indicated to be due with a lab fee analysis in the presentence
[investigation report].”  Id.  This is a key distinction from the
instant case.  As a general rule, when the trial court orders restitution in
its written judgment, but not its oral pronouncement of judgment, the oral
pronouncement controls, and the appropriate remedy is to modify the judgment
and delete the restitution order.  See Alexander, 301 S.W.3d at
363-64.  Under the facts of this case, we agree with the analysis in Alexander. 
See id.  Accordingly, we sustain Appellant’s first issue. 
Because we have sustained Appellant’s first issue, we need not address
Appellant’s second issue. 

 

Disposition

            We
modify the judgment of the trial court to delete the language
requiring payment of restitution.  As modified, we affirm the
judgment of the trial court.

 

                                                                                                Brian Hoyle

                                                                                                    
Justice

 

 

 

 

Opinion delivered January 26, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(DO NOT PUBLISH)




 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1] In
the written judgment, the restitution amount of $140.00 was to be payable to
“agency/agent (see below),” without specifying which agency was to receive the
restitution.  The parties agree that the restitution amount relates to a Texas
Department of Public Safety (DPS) lab fee.  Appellant points to other documents
in the record supporting this agreement, namely Appellant’s original plea
agreement and the order placing him on deferred adjudication community
supervision, both of which reference restitution for the DPS lab fee.  Given
our disposition of the instant case, we express no opinion as to whether the
written judgment in this case sufficiently described the agency to which
restitution was payable.





[2] The ground
upon which we have held a defendant is required to preserve error is more
closely related to Appellant’s second issue, not his first issue.  The question
of whether Appellant failed to preserve his second issue—the argument that the
trial court lacked authority to order him to pay restitution to the DPS for its
lab fee—is a question we do not reach under the facts of this case.

 





[3] A trial court may order reimbursement to law
enforcement agencies for analysis of controlled substances when a defendant is
placed on community supervision.  Tex.
Code Crim. Proc. Ann. art. 42.12 § 11(a)(19) (Vernon Supp. 2010).  And
there is a provision for the imposition of restitution or reparations upon the
revocation of community supervision.  See id. § 23(a).  But at
least one court has held that reimbursement for the analysis of controlled
substances is not restitution or reparations.  Aguilar v. State,
279 S.W.3d 350, 353-54 n. 1 (Tex. App.—Austin 2007, no pet.); but see Horton
v. State, No. 10-09-00258-CR, 2010 WL 2010932, at *4 (Tex. App.—Waco
May 19, 2010, pet. ref’d) (mem. op., not designated for publication) (payment
to DPS constitutes reparations).