

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00022-CR

_____


GLEN MORRIS BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 114th Judicial District Court
Smith County, Texas
Trial Court No. 114-1287-10


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Glen Morris Brown[1] entered an open plea of guilty to the state-jail offense of manufacture or delivery of less than one gram of cocaine, a controlled substance.[2] After accepting the guilty plea and finding Brown guilty, the trial court sentenced him to serve two years' incarceration and to pay a reimbursement fee of $140.00 to the Texas Department of Public Safety (DPS). Finding that there was no evidence in the record to support findings which were requisite to the trial court's assessment of the reimbursement fee, we modify the judgment to strike the provision for reimbursement and affirm the judgment and sentence, as modified.

At Brown's sentencing hearing, the trial court orally announced a sentence of two years' confinement and ordered "reimbursement . . . paid to the Department of Public Safety in the amount of $140.[00]." The judgment reiterates that the $140.00 is for a "reimbursement" fee of $140.00 due to the DPS. On appeal, both Brown and the State treat the trial court's order of "reimbursement" as an order for restitution. We point out that reimbursement and restitution are not identical terms. "Restitution" is provided for in Article 42.037 of the Texas Code of Criminal

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]In the same proceeding, Brown pled guilty to another state-jail felony charge of manufacture or delivery of a controlled substance, cocaine, less than one gram (our cause number 06-11-00024-CR); and a first-degree felony charge of possession of a controlled substance, cocaine, with an intent to deliver, in an amount of four grams or more, but less than 200 grams (our cause number 06-11-00023-CR). *See generally* TEX. HEALTH & SAFETY CODE ANN. §481.112 (West 2010). Brown has filed a single brief raising the same issue in all three cases; we reach the same result in those other two cases, released today in separate opinions bearing those cause numbers.

2

Procedure as being something that is available to be ordered paid to "any victim of the offense or to the compensation to victims of crime fund." *See* TEX. CODE CRIM. PROC. ANN. art. 42.037 (West Supp. 2010). In contrast, "reimbursement" is authorized in Article 42.12, Section 11(19) of the Texas Code of Criminal Procedure as something to be paid to "[r]eimburse a law enforcement agency for the analysis, storage, or disposal of . . . controlled substances . . . seized in connection with the offense" as a condition of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(19) (West Supp. 2010).[3]

While conceding that there is no evidence in the record of the $140.00 charge which Brown was ordered to reimburse the DPS, the State argues that because Brown lodged no objection at sentencing to the trial court's assessment of the fee, he cannot now complain of the assessment on appeal. *See* TEX. R. APP. P. 33.1.

A party need not object to preserve a claim of evidentiary sufficiency for appellate review. *Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010).[4] In *Mayer*, the Texas Court of Criminal Appeals found that Mayer did not waive his right to contest the trial court's order to pay court-appointed attorney's fees as reimbursement, despite his failure to object to the order before

---

[3]*See also Aguilar v. State*, 279 S.W.3d 350, 353 n.1 (Tex. App.—Austin 2007, no pet.) (examining distinction between "restitution or reparation" and "reimbursement").

[4]*See also Idowu v. State*, 73 S.W.3d 918, 922 (Tex. Crim. App. 2002) ("Whether the record provides a sufficient factual basis for a particular restitution order could be considered an evidentiary sufficiency question that need not be preserved by objection at the trial level." However, a complaint about the propriety of the restitution order, as opposed to the factual basis of that order, must be made in the trial court. *Id.* at 921.

the trial court. We will, therefore, address Brown's complaint that there is no evidence to support the trial court's order to reimburse the DPS.

Texas courts have held that although a trial court can order a defendant to pay laboratory fees as a condition of community supervision[5] or pursuant to a plea agreement, since the expenses incurred during such testing are not sustained as a result of the ordered payee being the victim of a crime, it cannot order payment of laboratory fees as restitution. *Aguilar*, 279 S.W.3d at 353; *Uresti v. State*, 98 S.W.3d 321, 338 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Despite the parties' conflation of the terms "restitution" and "reimbursement," the trial court's judgment clearly orders Brown to pay reimbursement to the DPS for laboratory fees, which is a clear reference to the authority in Article 42.12, Section 11(19). In *Mayer*, the defendant had been found indigent and qualified for court-appointed counsel at trial and on appeal. Mayer thus claimed it was error for the trial court to order him to reimburse the county for court-appointed attorney's fees. In light of the evidence of Mayer's indigency, and the State's failure to offer any evidence that Mayer then possessed the ability to pay those fees, it was proper for the court of appeals to have stricken the reimbursement order and to decline to remand to the trial court for further evidence on Mayer's ability to pay. *Mayer*, 309 S.W.3d at 557.

We find the reasoning in *Mayer* controlling here. Brown, having been found indigent by the trial court, is presumed (absent any evidence of a material change in his circumstances) to remain indigent throughout the proceedings of the case. TEX. CODE CRIM. PROC. ANN. art.

---

[5]*See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(19).

4

26.04(p) (West Supp. 2010).  There being neither any evidence in the record of the charges upon which the ordered $140.00 reimbursement fee was based, nor a showing of Brown's ability to pay that reimbursement fee, we modify the trial court's judgment to delete the award of reimbursement.[6]

As modified, we affirm the trial court's judgment and sentence.


Bailey C. Moseley
Justice

Date Submitted:     July 11, 2011
Date Decided:       August 2, 2011

Do Not Publish

---

[6]The cases cited by the State are inapposite:  *Barton v. State*, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000) (restitution assessed as term of community supervision); *Campbell v. State*, 5 S.W.3d 693, 695, 702 (Tex. Crim. App. 1999) (restitution recommended as term of parole).  The State's citation to an unpublished case, *Jester v. State*, No. 12-08-00072-CR, 2010 Tex. App. LEXIS 341 (Tex. App.—Tyler Jan. 10, 2010, no pet.), is unpersuasive, as it involved restitution for back child support where the conviction was for criminal nonsupport.  The Texas Court of Criminal Appeals in *Mayer* also rejected the State's request for a remand to the trial court to supplement the record regarding the appellant's ability to pay reimbursement.