# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00621-CR
## NO. 03-10-00622-CR

**Shelley Margaret Smith, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NOS. 66395 & 66396, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Shelley Margaret Smith was charged with debit card abuse and evading arrest with a motor vehicle and was appointed an attorney pursuant to article 26.04 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.04 (West Supp. 2010) (governing appointment of counsel for indigent defendants). Smith pled guilty to both charges without a plea bargain and pled true to allegations of two prior felony convictions. During sentencing, the trial court said, "The court sentences you in each case to five years in TDCJ with your jail credits, court costs and court appointed attorney's fees. And in [the debit-card case] the Court orders you pay restitution of $366.31." The court concluded, "And ma'am, as to court costs and attorney's fees and the restitution. You pay your court costs and fees if you are able to do so, but your restitution will also have to be paid." In the evading-arrest judgment (trial court cause number 66396), the court imposed a requirement that Smith repay her attorney's fees. The debit-card-abuse judgment (trial court cause number 66395) does not include such a provision.

Smith complains that the evidence is insufficient to support the trial court's order requiring her to repay her attorney's fees, and the State concedes there was no evidence to show that Smith's financial circumstances improved after the initial finding that she was indigent and entitled to an appointed attorney. *See id.* In the evading-arrest cause, the State agrees that the proper remedy is to reform the judgment to remove the order requiring Smith to repay her attorney's fees. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). We agree and modify the trial court's judgment in cause number 66396 to delete the provision requiring Smith to repay attorney's fees. As modified, we affirm the judgment in that cause.

As for the debit-card-abuse cause, the written judgment does not order Smith to repay attorney's fees, and the State asserts that no reformation is necessary. We agree. If there is a discrepancy between an orally pronounced sentence and a written judgment, the oral pronouncement controls. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). When a written judgment does not conform to an oral sentence, the usual remedy is to reform the judgment to match the oral pronouncement. *Aguilar v. State*, 279 S.W.3d 350, 355 (Tex. App.—Austin 2007, no pet.). However, because the error in this cause lies only in the oral pronouncement, not the written judgment, there is no need to reform the judgment to match the trial court's oral determination. The judgment in cause number 66395 is affirmed.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Cause Number 03-10-00621 CR:  Affirmed
Cause Number 03-10-00622-CR:  Modified and, as Modified, Affirmed

Filed:   August 31, 2011

Do Not Publish