# NO. 12-17-00194-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FREDRICK BERNARD KING,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Fredrick Bernard King appeals his conviction for the felony offense of driving while intoxicated with a child passenger. In two issues, he argues that there was no legal authority or evidence in the record to support the trial court's restitution order. We modify the trial court's judgment and affirm as modified.

### BACKGROUND

On February 23, 2017, Appellant was indicted for the offense of driving while intoxicated with a child passenger. Subsequently, Appellant waived his right to a trial by jury and entered a plea of "guilty." After a sentencing hearing, the trial court orally pronounced Appellant's punishment at imprisonment for eighteen months. On the record at the hearing, the trial court pronounced that there was no restitution due. However, the trial court's written judgment contains an order for restitution to the Texas Department of Public Safety Laboratory ("DPS") for $60.00. This appeal followed.

### RESTITUTION

In two issues, Appellant argues the trial court erred by assessing restitution to DPS because there is no statutory authority for restitution to DPS and because there was no evidence

to support the order. The State concedes error. We will address these issues together. *See* TEX. R. APP. P. 47.1.

## Standard of Review and Applicable Law

Texas law authorizes a sentencing court to order payment of restitution to the victim for losses sustained as a result of the convicted offense. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2017). Restitution can be ordered only for injury resulting from the offense charged and can be made only to the victim, except where justice dictates payment be made to a person or party who has compensated the victim for loss. *Gonzalez v. State*, 954 S.W.2d 98, 106 (Tex. App.—San Antonio 1997, no pet.). Expenses incurred by the Department of Public Safety in performing its laboratory functions in connection with the investigation of an offense are not sustained as a result of being the victim of a crime, and are not, therefore subject to a restitution order. *See Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.)

Due process also requires a factual basis in the record for the amount of restitution ordered. *Martin v. State*, 874 S.W.2d 674, 676 (Tex. Crim. App. 1994); *see also Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). Restitution must be "just," that is, supported by sufficient factual evidence in the record that the expense was incurred. *Thompson v. State*, 557 S.W.2d 521, 525-26 (Tex. Crim. App. 1977).

Challenges to the sufficiency of the evidence supporting a restitution order can be raised for the first time on appeal. *Idowu v. State*, 73 S.W.3d 918, 921-22 (Tex. Crim. App. 2002). We review a trial court's restitution order for abuse of discretion. *Cartwright*, 605 S.W.2d at 289. The trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Thus, we review the record to determine if there was sufficient factual evidence of an amount which the court could find "just." *Cartwright*, 605 S.W.2d at 289.

## Analysis

While a trial court has authority to require a probationer to reimburse DPS for laboratory fees as a condition of probation, it has no authority to order DPS laboratory fees as restitution when a defendant is sentenced to imprisonment. *See Aguilar*, 279 S.W.3d at 353. Here, Appellant was sentenced to imprisonment, thus, the trial court had no authority to order Appellant to reimburse DPS, and DPS lab fees are not properly subject to a restitution order

2

under Article 42.037(a). *See id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 42.037(a). Because the trial court erred in ordering restitution to DPS of $60.00., we sustain Appellant's first issue.

Further, the trial court's written judgment of conviction contains a restitution order to DPS for $60.00. However, the record from Appellant's sentencing hearing contains no evidence supporting this restitution order, and the trial court orally stated that no restitution was due. Thus, no factual basis in the record supports the order, and the trial court abused its discretion in ordering Appellant to pay $60.00 to DPS in restitution. *See Martin*, 874 S.W.3d at 676; *Cartwright*, 605 S.W.2d at 289; *Montgomery*, 810 S.W.2d at 380. We sustain Appellant's second issue.

We have the authority to modify a judgment to make the record speak the truth when we have the necessary data and information to do so. *Brewer v. State*, 572 S.W.2d 719, 723 (Tex. Crim. App. 1978); *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.); *Davis v. State*, 323 S.W.3d 190, 198 (Tex. App.–Dallas 2008, pet. ref'd). At the sentencing hearing, the State informed the trial court that no restitution was due in this case. Further, the trial court stated on the record that no restitution was due. The State, by letter brief, concedes error and joins Appellant in his request to reform the judgment to reflect that no restitution is due in this case.

Because we have the necessary data and evidence to reform the judgment in this case, we conclude that the judgment should be modified to reflect that no restitution is due. *See* TEX. R. APP. P. 43.2(b); *see also Brewer*, 572 S.W.2d at 723; *Ingram*, 261 S.W.3d at 754; *Davis*, 323 S.W.3d at 198.

## DISPOSITION

Having sustained Appellant's first and second issues, we *modify* the trial court's judgment of conviction by deleting "Restitution: $60.00" and "Restitution Payable to: DPS LAB." We *affirm* the judgment as *modified.*

BRIAN HOYLE
Justice

Opinion delivered January 10, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JANUARY 10, 2018

NO. 12-17-00194-CR

**FREDRICK BERNARD KING,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0194-17)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified to** delete "Restitution: $60.00" and "Restitution Payable to: DPS LAB"; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*