

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00230-CR

AARON MICHAEL PETTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 294th District Court
Van Zandt County, Texas
Trial Court No. CR17-00130

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

A Van Zandt County jury[1] convicted Aaron Michael Petton of two counts of aggravated sexual assault and assessed a sentence of life imprisonment for each count.[2]  The judgment for the first count of aggravated sexual assault contains an order to pay a total of $5,722.00 in restitution to the Van Zandt County Criminal District Attorney and Canton Police Department for forensic testing, which is reflected in the clerk's bill of costs.  On appeal, Petton argues that the trial court erred in ordering the payment of restitution to a non-victim.  Because we agree, we delete the order to pay restitution from the bill of costs and the first judgment for aggravated sexual assault and affirm the judgment, as modified.  Because it is not the subject of any point of error in Petton's appeal, we also affirm the second judgment for aggravated sexual assault.

In relevant part, the Texas Code of Criminal Procedure allows for the trial court, in its discretion, to order a defendant to make restitution "to any victim of the offense."  TEX. CODE CRIM. PROC. ANN. art. 42.037(a).  "Restitution serves multiple purposes, including restoring the victim to the status quo and forcing an offender to address and remedy the specific harm that he has caused."  *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014).  "However, the legislature has also recognized limits on the right to restitution:  . . . it may be ordered only to a victim of an offense for which the defendant is charged."  *Id.*[3]

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.  We follow the precedent of the Twelfth Court of Appeals in deciding this case.  *See* TEX. R. APP. P. 41.3.

[2]The jury also assessed a $5,000.00 fine on the first count of aggravated sexual assault.

[3]We recognize that legislative changes not in effect at the time of Petton's conviction allow a trial court to order that restitution be paid to a victim's compensation fund that has compensated the victim.  *See* Act of May 23, 2019, 86th

"[D]eletion of a written restitution order is appropriate . . . when the trial judge does not have statutory authority to impose the specific restitution order." *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014). "For example, . . . a trial judge does not have authority to order restitution to anyone except the victim(s) of the offense for which the defendant is convicted." *Id.* at 757–58 (footnote omitted) (citations omitted). Imposition of restitution to someone other than a victim is a violation of due process. *Id.* at 758.

Expenses sustained by the Van Zandt County Criminal District Attorney and Canton Police Department for forensic testing in connection with the investigation of an offense are not sustained as a result of being the victim of a crime and are not, therefore, subject to a restitution order. *See Jackson v. State*, 562 S.W.3d 717, 724 (Tex. App.—Amarillo 2018, no pet.) ("A trial court has no authority to order a defendant to reimburse the Texas Department of Public Safety for lab fees as a part of his sentence, and such fees are not properly the subject of a restitution order under article 42.037(a) of the Texas Code of Criminal Procedure.") (citing *Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.)); *see also Cabala v. State*, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999) ("This Court has concluded that the focus of restitution orders are limited to the individuals alleged and proven to be the victims of the charged offense."); *King v. State*, No. 12-17-00194-CR, 2018 WL 345737, at *1 (Tex. App.—Tyler Jan. 10, 2018, no pet.) (mem. op., not designated for publication);[4] *Uresti v. State*, 98 S.W.3d 321, 338 (Tex. App.—

Leg., R.S., ch. 1352, § 4.02, 2019 Tex. Sess. Law Serv. 3982, 4020–21 (eff. Jan. 1, 2020); *see also* Act of May 21, 2019, 86th Leg., R.S., ch. 469, § 2.14, 2019 Tex. Sess. Law Serv. 1064, 1133–34 (eff. Jan. 1, 2021).

[4]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

Houston [1st Dist.] 2003, no pet.) (trial court erred to assess $4,000.00 in investigative expenses incurred by Houston Police Department as restitution since the Department "was not the direct recipient of an injury caused by appellant's crime")). As a result, the restitution order must be deleted.

We modify the trial court's bill of costs and first judgment for aggravated sexual assault by deleting the restitution order and to reflect that no restitution is due. *See Burt*, 445 S.W.3d at 757. As modified, we affirm the first judgment for aggravated sexual assault. Because it is not the subject of any point of error in Petton's appeal, we also affirm the second judgment for aggravated sexual assault.

Ralph K. Burgess
Justice

Date Submitted:      October 14, 2020
Date Decided:        January 13, 2021

Do Not Publish