

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00099-CR

_____

DANA LYNN LISON, AKA DANA LYNN ATTAWAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2329668

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Dana Lynn Lison, aka Dana Lynn Attaway, pled guilty to possession with intent to deliver four grams or more but less than 200 grams of methamphetamine, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Supp.). After Lison pled true to the State's enhancement allegation, the trial court sentenced her to twenty-five years' confinement in prison. Lison appeals.

Lison's attorney filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On August 3, 2023, counsel mailed to Lison copies of the brief and motion to withdraw and a motion for pro se access to the appellate record lacking only Lison's signature. Lison was informed of her rights to review the record and file a pro se response. On the same day, this Court informed Lison that any motion for pro se access to the appellate record was due on or before August 24, and on September 7, we notified Lison that any pro se response was due on or before October 9. On November 28, we further informed Lison that the case would be set for

submission on the briefs on December 19. We received neither a pro se response from Lison nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, nonreversible error is found in the trial court's listing of the statute of offense. "[A] person commits an offense if the person knowingly . . . possesses with intent to deliver a controlled substance listed in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Supp.). Lison pled guilty to the charged offense, which was a first-degree felony, because the amount possessed by her was "four grams or more but less than 200 grams" of methamphetamine. TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). However, instead of listing the statute reflecting the offense of possession with intent to deliver, the trial court referenced Section 481.115(d), which is the simple possession statute. *Compare* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) *with* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Supp.).

"[A]ppellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). Because the statute of offense recited in the trial court's judgment is incorrect, we must modify the judgment to reflect the correct statute of offense.

In addition, the record shows that the trial court assessed against Lison $180.00 for restitution, to be paid to the Texas Department of Public Safety Crime Laboratory (DPS), presumably for the cost of testing the controlled substance found in Lison's possession. A trial

3

court does not have the authority to order a defendant to reimburse the DPS for laboratory fees as a part of her sentence, and such fees are not the proper subject of a restitution order under Article 42.037(a) of the Texas Code of Criminal Procedure. *See Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.); TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (Supp.). Accordingly, the trial court's judgment is further modified by deleting any obligation to pay $180.00 in restitution.[1]

We modify the trial court's judgment by removing "481.115(d)" as the statute of offense and replacing it with "Section 481.112(d), Texas Health and Safety Code." We further modify the trial court's judgment by deleting the assessment of $180.00 in restitution. As modified, we affirm the trial court's judgment.[2]

Charles van Cleef
Justice

Date Submitted:    December 19, 2023
Date Decided:      February 1, 2024

Do Not Publish

---

[1] The clerk's bill of costs indicates that Lison is not responsible for fines or fees and that her balance is $0.00.

[2] Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.