**Opinion filed July 18, 2024**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-24-00067-CR**

_____

**FRANCIS MARTIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 7199**

**M E M O R A N D U M   O P I N I O N**

Appellant, Francis Martin, pleaded guilty to the offense of possession of methamphetamine in an amount of one gram or more but less than four grams in a drug-free zone, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(c), 481.134 (West Supp. 2023). Pursuant to the terms of a plea bargain agreement, the trial court deferred finding Appellant guilty, and placed

him on deferred adjudication community supervision for a period of eight years. As conditions of his community supervision, Appellant was required to follow all state and federal laws, report to his community supervision officer, and pay a $1,500 fine.

The State subsequently filed a motion to adjudicate Appellant's guilt and revoke his community supervision, then amended it, alleging ten violations. On March 8, 2023, the trial court held a contested hearing on the State's amended motion, during which Appellant pleaded "not true" to the violations alleged. The State called two witnesses, then Appellant testified. The trial court found seven allegations to be true, and ordered a presentence investigation report (PSI) to be prepared prior to deciding Appellant's punishment. Upon the conclusion of the sentencing hearing, the trial court revoked Appellant's community supervision, and assessed punishment at confinement for eight years in the Correctional Institutions Division of the Texas Department of Criminal Justice. Appellant was further ordered to pay the original $1,500 fine, court costs, attorney's fees, and restitution.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

However, the judgment contains a nonreversible error. The trial court ordered Appellant to pay $180 restitution "payable to TX DPS." Although a trial court has authority to order the repayment of lab fees to the Department of Public Safety (DPS) as a condition of community supervision, a trial court has no authority to assess DPS lab fees as restitution when a defendant is sentenced to imprisonment. *Sexton v. State*, No. 11-18-00278-CR, 2019 WL 4316791, at *1 (Tex. App.—Eastland Sept. 12, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication); *King v. State*, No. 12-17-00194-CR, 2018 WL 345737, at *2 (Tex. App.—Tyler Jan. 10, 2018, no pet.) (mem. op., not designated for publication); *see also Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.). Further, a trial court may order a defendant convicted of an offense to pay restitution to a victim of the offense, or to a crime victim's assistance fund, but not to a state agency such as the Texas Department of Public Safety. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2023); *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) (recognizing that restitution "may be ordered only to a victim of an offense for which the defendant is charged"); *Sexton*, 2019 WL 4316791, at *1. We hold that the trial court had no authority to require Appellant to pay restitution to DPS.

When a trial court lacks statutory authority to impose the specific restitution order, such as when restitution has been ordered to be paid to someone who was not a victim of the offense, we must delete the restitution order. *Burt v. State*, 445

---

[1] Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

S.W.3d 752, 757–58 (Tex. Crim. App. 2014); *Sexton*, 2019 WL 4316791, at *2. Therefore, we modify the trial court's judgment to delete the $180 in restitution.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court as modified.

JOHN M. BAILEY

CHIEF JUSTICE

July 18, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.