

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00234-CR

AARON GLEN JENSEN                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                          STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR12827

----------

### MEMORANDUM OPINION[1]

----------

Appellant Aaron Glen Jensen appeals his conviction of two counts of possession of a controlled substance—one gram or more but less than four grams of methamphetamine in the first count, and four grams or more but less than 200 grams of methadone in the second count. *See* Tex. Health & Safety Code Ann. §§ 481.102(4), (6), .115(a), (c), (d) (West 2010). Jensen made an

---

[1]*See* Tex. R. App. P. 47.4.

open plea of guilty and pleaded true to the enhancement paragraph alleging that he had previously committed a felony that had become final before he committed the drug offenses at issue. The methamphetamine offense, a third-degree felony, was thereby enhanced to a second-degree felony, and the methadone offense, a second-degree felony, was enhanced to a first-degree felony. *See id.* § 481.115(c), (d); Tex. Penal Code Ann. §§ 12.32, .33 (West 2011) (setting out punishment ranges), § 12.42(a)–(b) (West Supp. 2015) (setting out enhanced punishment for repeat and habitual offenders).

Jensen asked the jury to assess his punishment. The jury found the enhancement paragraph true and assessed Jensen's punishment at twenty years' confinement for the methamphetamine offense and seventy-five years' confinement for the methadone offense, which the trial court pronounced at the conclusion of trial and set to run concurrently.

Jensen's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Jensen had the opportunity to file a pro se brief but he did not do so by the deadline set by this court.[2] The State did not file a

---

[2]Although Jensen did not file a pro se brief, he sent some letters to this court presenting his arguments regarding the merits of this appeal. We have considered these arguments in our review of the case.

brief but stated in a letter that it agreed with Jensen's counsel that there are no arguable grounds for relief and that the appeal is frivolous.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and the letters that Jensen sent to us.

The record reflects that the trial court did not include in its oral pronouncement of sentence any mention of restitution. Yet in the judgment, the trial court ordered Jensen to pay restitution of $360, "payable to agency."[3] And a restitution fee of $12 is listed in the bill of costs. *See* Tex. Code Crim. Proc. Ann.

_____

[3]Because the Texas Department of Public Safety conducted laboratory analysis of the drugs at issue and the restitution was listed as "payable to agency," we assume the restitution was intended to pay for that testing. But a testing agency is not the victim of an appellant's drug possession. *See Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.) ("The expenses incurred by the Department of Public Safety in testing the methamphetamine found in Aguilar's possession were not sustained as a result of being the victim of a crime."); *see also Haney v. State*, No. 02-14-00238-CR, 2015 WL 3458229, at *1 (Tex. App.—Fort Worth May 28, 2015, no pet.) (mem. op., not designated for publication) (deleting restitution that was not pronounced at sentencing and that was ordered paid to the Texas Department of Public Safety for lab testing performed on the methamphetamine in the drug-possession case).

art. 42.037(g)(1) (West Supp. 2015). Because the restitution was not orally pronounced during Jensen's sentencing, *see id.* art. 42.03, § 1(a) (West Supp. 2015), nor was it awarded to a victim of a crime or to a crime victim's compensation fund, *see id.* art. 42.037(a), we delete it from the judgment. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (stating that when there is a conflict between the written judgment and the oral pronouncement, the oral pronouncement controls); *see also Bray v. State,* 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc); *Haney*, 2015 WL 3458229, at *1. We likewise order the district clerk to delete the erroneous $12 restitution fee from the bill of costs, resulting in a total court costs figure of $584, and we correct the order to withdraw funds to reflect this amount.[4] *See Bray,* 179 S.W.3d at 726; *Browne v. State*, Nos. 02-14-00363-CR, 02-14-00364-CR, 2015 WL 5770501, at

---

[4]The district clerk's bill of costs reflects $200 for "Capias Warrant Fee[s]." We ordered the record supplemented in order to review these charges. After the initial arrest ($50 warrant fee), the trial court issued three more warrants in October 2014, one for each count of Jensen's original three-count indictment ($150 in additional warrant fees). Nothing at the time of issuance or billing (August 6, 2015) prohibited these assessments. *Compare* Tex. Code Crim. Proc. Ann. art. 102.011(a)(2) (West Supp. 2015) (providing for $50 fee for executing or processing an issued arrest warrant, capias, or capias pro fine), *with id.* art. 102.073(a) (West Supp. 2015) ("Assessment of Court Costs and Fees in a Single Criminal Action," which provides that in a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant). Section 102.073's effective date is September 1, 2015. *See* Act of May 30, 2015, 84th Leg., R.S., ch. 1160, § 2, 2015 Tex. Sess. Law Serv. 3924, 3924 (current version at Tex. Code Crim. Proc. Ann. art. 102.073) (providing that section 102.073 applies to a court cost or fee imposed on or after the effective date of September 1, 2015, regardless of whether the offense for which the cost or fee was imposed was committed before, on, or after that date).

4

*1 (Tex. App.—Fort Worth Oct. 1, 2015, no pet.) (mem. op., not designated for publication).

We otherwise agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment and order to withdraw as modified above.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 30, 2016