

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00373-CR

———————————————

ALFREDO GONZALEZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13504

Before Birdwell, Kerr, and Pittman, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Alfredo Gonzalez appeals two jury convictions and sentences on a two-count indictment for offenses occurring on the same day: (1) a conviction and sixty-year sentence for first-degree felony possession of four or more, but less than two hundred, grams of methamphetamine with the intent to deliver, *see* Tex. Health & Safety Code Ann. §§ 481.102(6), 481.112(a), (d), and (2) a conviction and ten-year sentence for third-degree felony unlawful possession of a firearm by a felon, *see* Tex. Penal Code Ann. § 46.04. We affirm the firearm-possession judgment, modify the court costs and restitution assessed in the methamphetamine-possession judgment (and incorporated funds withdrawal order), and affirm that judgment as modified.

### Brief Factual Background

A Hood County sheriff's deputy pulled over a car[1] in which Gonzalez was riding as the only backseat passenger. Gonzalez was sitting directly behind the front passenger. After asking the driver and passengers to exit the car and patting down the driver and Gonzalez, the deputy found a small, personal-use baggie of methamphetamine in Gonzalez's pocket. He then placed Gonzalez in his patrol car's backseat.

The deputy and two other officers searched the car because the inside smelled like marijuana. They found a large package of uncut methamphetamine—in a quantity

---

[1]The car's registration had expired in 2015. The deputy also discovered that the driver had a suspended license.

not consistent with personal use—underneath the front passenger's seat and a loaded shotgun on the backseat next to where Gonzalez had been sitting. The search also uncovered shotgun ammunition in the backseat as well as several digital scales in the car.

While the deputies were searching the car, Gonzalez—although handcuffed—was able to pull his cell phone out of his pants pocket to talk to his mother. He warned her not to say anything, let her know he was under arrest, and then asked her to bail him out. After the deputy placed the front seat passenger in the car with Gonzalez and walked away, Gonzalez asked her how the driver could not have told them about the registration, and she countered, "How could you not take the blame for your own stuff?" Gonzalez asked the passenger what the police had told her, and she answered that they had told her that Gonzalez had put the drugs under her seat.

Because Gonzalez had been previously convicted in Taylor County of state-jail-felony marijuana possession, the State charged him with unlawful possession of the shotgun by a felon as well as possession of more than four, but less than two hundred, grams of methamphetamine with the intent to deliver. Gonzalez testified at his trial and admitted that he had covered up the gun with a pillow when the deputy pulled the car over, but he claimed he had just then discovered the gun's presence because he had been asleep in the car. He also admitted to possessing the methamphetamine in his pocket, but he denied knowing anything about the

methamphetamine found under the front seat. A jury convicted him of both charged offenses and assessed his punishment for each.

**_Anders_ Law**

Gonzalez's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that this case presents no nonfrivolous grounds for appeal. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Counsel also complied with the requirements set forth in *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Gonzalez filed a pro se response to counsel's brief, but the State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

**Record Review**

We have carefully reviewed the record, counsel's brief, and appellant's pro se response. Our independent review of the record reveals that although the methamphetamine-possession judgment includes an award of $180 in restitution to

4

the Department of Public Safety for the laboratory testing of the methamphetamine, the trial judge did not verbally pronounce the restitution award on the record, nor is there any evidence supporting the awarded amount. Accordingly, we modify the methamphetamine-possession judgment to delete the restitution award.[2] *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) ("When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls."); *see also Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.) ("A trial court can also order a defendant to pay lab fees, but only as a condition of community supervision."). We likewise delete the $12 restitution installment fee from the methamphetamine-possession judgment[3] and accompanying bill of costs. *See* Tex. Code Crim. Proc. Ann. art. 42.037(g)(1) (authorizing assessment of $12 fee if trial court orders restitution to be paid in installments).

The bill of costs also includes a capias warrant fee of $50. The statute governing fees for services of peace officers requires a defendant convicted of a felony to pay $5 when a peace officer arrests him without a warrant and $50 when a peace officer executes or processes an issued arrest warrant or capias. *See id.* art.

---

[2]Although the original bill of costs included the $180 in restitution, we received an amended bill of costs which deleted that amount.

[3]The methamphetamine-possession judgment assessed $516 in costs, but the firearm-possession judgment did not assess any costs.

5

102.011(a)(1), (2). Deputies arrested Gonzalez without a warrant as the result of a traffic stop, and no capias appears in the record for any subsequent arrest. Applying the governing fee statute to these facts, we hold that the bill of costs should have assessed only a $5 fee for the arrest without a warrant. We thus also modify the methamphetamine-possession judgment and bill of costs to delete $45 from the total court costs assessed. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.); *see also Barefield v. State*, No. 02-14-00336-CR, 2016 WL 551890, at *1 (Tex. App.—Fort Worth Feb. 11, 2016, pet. ref'd) (mem. op., not designated for publication) (deleting from judgment a $50 arrest fee that was not supported by record).

Finally, the record does not support the $30 fee—listed in the bill of costs and included in the methamphetamine-possession judgment—for conveying a witness to court pursuant to an out-of-county order. The record does not contain an officer's sworn statement of judge-approved expenses. *See* Tex. Code Crim. Proc. Ann. art. 102.011(c) (requiring both to justify the imposition of this fee). We therefore modify the methamphetamine-possession judgment and bill of costs to delete that $30 fee.

In summary, we modify the methamphetamine-possession judgment and bill of costs to delete $87 so that the total costs assessed are $429. We likewise modify the order of withdrawal of funds incorporated into that judgment by reference. *See Reed v. State*, No. 02-17-00199-CR, 2018 WL 6844132, at *1 (Tex. App.—Fort Worth Dec. 31, 2018, no pet.) (mem. op., not designated for publication) (per curiam); *cf. Bone v.*

*State*, No. 02-15-00452-CR, 2016 WL 7240603, at *2 (Tex. App.—Fort Worth Dec. 15, 2016, no pet.) (mem. op., not designated for publication) (modifying bill of costs and order to withdraw funds to delete fees not supported by record).

**Conclusion**

Except for the restitution- and cost-assessment errors described above, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we (1) grant counsel's motion to withdraw, (2) affirm the firearm-possession judgment, (3) modify the methamphetamine-possession judgment and incorporated order to withdraw funds to delete the $180 restitution award, $12 restitution installment fee, $30 witness conveyance fee, and $45 of the arrest fee, (4) affirm the methamphetamine-possession judgment as modified, and (5) modify the amended bill of costs in the same manner (except for the already-deleted restitution), so that it assesses only $429 in total court costs.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 28, 2019

7