# NOS. 12-18-00085-CR
# 12-18-00086-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LORENZO DEMARKAS PATTON,* *APPELLANT* | § | *APPEALS FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Lorenzo Demarkas Patton appeals his convictions for bail jumping and failure to appear and possession of a controlled substance. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with bail jumping and failure to appear enhanced by two prior felonies and manufacture or delivery of a controlled substance enhanced by two prior felonies. Pursuant to a plea agreement with the State, he pleaded "guilty" to bail jumping and failure to appear and possession of a controlled substance enhanced by one prior felony. After a hearing, the trial court assessed Appellant's punishment at imprisonment for ten years in the bail jumping and failure to appear case and twenty years in the possession of a controlled substance case. These appeals followed.

<u>**ANALYSIS PURSUANT TO** *ANDERS V. CALIFORNIA*</u>

Appellant's appellate counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel relates that she diligently reviewed the record and found no reasonable or plausible nonfrivolous issues for our review. In compliance with ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[1]

We considered counsel's brief and conducted our own independent review of the record. ***Id.*** at 811. We have found no reversible error.

<u>**RESTITUTION**</u>

In reviewing the record, we observed that the trial court ordered restitution in the possession of a controlled substance case without authority or a factual basis in the record. Neither party has requested that we reform the incorrect judgment, but our authority to reform an incorrect judgment is not dependent on the request of any party. ***Rhoten v. State***, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). We have the authority to reform a judgment in an ***Anders*** appeal and to affirm that judgment as reformed. *See* TEX. R. APP. P. 43.2(b); ***Bray v. State***, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.).

Due process requires a factual basis in the record for a restitution amount. ***Cartwright v. State***, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). A sufficiency claim regarding a restitution order or an amount of restitution need not be preserved for appellate review at the trial level. ***Mayer v. State***, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010). A trial court may order a defendant to reimburse a law enforcement agency for laboratory costs associated with a narcotics seizure, but only as a condition of community supervision. TEX. CODE CRIM. PROC. ANN. art. 42A.301(b)(18) (West 2018); ***Aguilar v. State***, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.).

Here, the trial court ordered Appellant to "make restitution to the Department of Public Safety for $180 for a lab fee." Because we find no factual basis in the record for this restitution

---

[1] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

amount, and because the trial court lacked authority to order the restitution, we conclude that the judgment in the possession of a controlled substance case should be modified to reflect a restitution amount of $0.00. *See* TEX. R. APP. P. 43.2(b); *Bray*, 179 S.W.3d at 726; *Cartwright*, 605 S.W.2d at 289; *Aguilar*, 279 S.W.3d at 350.

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with counsel that the appeal is wholly frivolous. Accordingly, we *grant* Appellant's counsel's motion for leave to withdraw. We *modify* the trial court's judgment in trial court cause number CR17-0874-392 to reflect a restitution amount of $0.00, and we *affirm* the judgment as modified. We *affirm* the trial court's judgment in trial court cause number CR17-0873-392.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered March 20, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 20, 2019**

**NO. 12-18-00085-CR**

**LORENZO DEMARKAS PATTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0873-392)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MARCH , 2019

NO. 12-18-00086-CR

**LORENZO DEMARKAS PATTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0874-392)

THIS CAUSE came on to be heard on the appellate record and the brief filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect a restitution amount of $0.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*