**Opinion filed October 18, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00081-CR

_____

## DELFINO ORTEGA JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR14847**

### M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Delfino Ortega Jr., of the offense of felony driving while intoxicated, found the alleged punishment enhancement to be true, and assessed punishment at confinement for twenty years. We modify the trial court's judgment to delete (1) the restitution ordered by the trial court and (2) a portion of the Time Payment Fee assessed as a court cost and, as modified, affirm the trial court's judgment.

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and

conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. In addressing an *Anders* brief, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

We note, however, that the judgment contains nonreversible error in two respects—the trial court's order of restitution and assessment of a portion of the Time Payment Fee.

First, in the judgment, the trial court ordered Appellant to pay "Restitution" that consisted of a lab fee of $60 to the "Texas DPS." Although a trial court has authority to require a defendant to pay the DPS for lab fees as a condition of

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

2

community supervision, a trial court has no authority to assess DPS lab fees when a defendant is sentenced to imprisonment. *Sexton v. State*, No. 11-18-00278-CR, 2019 WL 4316791, at *1 (Tex. App.—Eastland Sept. 12, 2019, no pet. h.) (per curiam) (mem. op., not designated for publication); *see also Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Amarillo 2007, no pet.). Because Appellant was sentenced to imprisonment, the trial court had no authority to order him to reimburse the DPS. *See Sexton*, 2019 WL 4316791, at *1; *King v. State*, No. 12-17-00194-CR, 2018 WL 345737, at *2 (Tex. App.—Tyler Jan. 10, 2018, no pet.) (mem. op., not designated for publication). Further, DPS lab fees are not properly subject to a restitution order. *Sexton*, 2019 WL 4316791, at *1; *see Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) (recognizing that restitution "may be ordered only to a victim of an offense for which the defendant is charged"). A trial court is authorized to order a defendant convicted of an offense to pay restitution to a victim of the offense or to a crime victim's assistance fund, not to an agency of the State of Texas such as the DPS. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West 2018); *Sexton*, 2019 WL 4316791, at *1. We hold that the trial court had no authority to require Appellant to pay restitution to the DPS. Therefore, the trial court erred when it included in the judgment $60 in restitution payable to the DPS.

When a trial court lacks statutory authority to impose the specific restitution order, such as when restitution has been ordered to be paid to someone who was not a victim of the offense, we should delete the restitution order. *Burt v. State*, 445 S.W.3d 752, 757–58 (Tex. Crim. App. 2014); *Sexton*, 2019 WL 4316791, at *1. Therefore, we modify the trial court's judgment to delete the $60 in restitution to the "Texas DPS."

Second, in the judgment, the trial court ordered Appellant to pay court costs, including a Time Payment Fee of $25 pursuant to section 133.103 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 133.103 (West Supp. 2018).

We have held that subsections 133.103(b) and (d) of the Texas Local Government Code are facially unconstitutional because the collected fees are allocated to general revenue and are not sufficiently related to the criminal justice system. *See King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *1, 5–6 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication). Accordingly, the trial court erred when it assessed a Time Payment Fee under subsections 133.103(b) and (d) of the Texas Local Government Code as a court cost.[2] *See id.*

When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). We, therefore, modify the trial court's judgment to delete $22.50 of the Time Payment Fee assessed as court costs, leaving a Time Payment Fee of $2.50. *See King*, 2019 WL 3023513, at *5–6.

We grant counsel's motion to withdraw, and affirm the judgment of the trial court as modified.

PER CURIAM

October 18, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]The legislature has passed legislation, effective January 1, 2020, that deletes subsections (c) and (d) from Section 133.103 and revises subsection (b) to provide that all of the fees collected under Section 133.103 are to be deposited in a separate account in the general fund of the county or municipality "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., SB 346, § 2.54 (transferring Section 133.103 of the Texas Local Government Code to Article 102.030 of the Texas Code of Criminal Procedure).

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.