**Opinion filed April 16, 2020**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-19-00303-CR & 11-19-00304-CR

_____

## MICHIAL JAMES SHERIDAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause Nos. D-39,838 & D-39,839**

## M E M O R A N D U M   O P I N I O N

Appellant, Michial James Sheridan,[1] originally pleaded guilty to the state jail felony offenses of possession of a controlled substance and evading arrest or detention with a vehicle.  Pursuant to the terms of the plea agreements, the trial court deferred a finding of guilt in each cause, assessed a fine of $2,000 in one cause, and

---

[1]We note that Appellant's name as it appears on each of the indictments is Michial James Sheridan but that the name on the judgments adjudicating guilt is Michael James Sheridan.

placed Appellant on community supervision for five years. The State subsequently filed a motion to adjudicate Appellant's guilt in each cause. Appellant pleaded not true to all of the State's allegations, and the trial court conducted an evidentiary hearing. Based upon the undisputed evidence, the trial court found all of the State's allegations to be true, revoked Appellant's community supervision, adjudicated him guilty of the charged offenses, assessed his punishment in each cause at confinement for two years in a state jail facility, and ordered that the sentences shall run concurrently. The trial court announced in open court that, in the possession case, it was also assessing a fine of $1,499, restitution of $130, and delinquent fees owed to "the adult probation department of Ector County" in the amount of $2,970. We modify the monetary assessment in the possession case and, as modified, affirm the judgments of the trial court.

*Anders*

Appellant's court-appointed counsel has filed a motion to withdraw in each cause. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. In each cause, counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the records and file a response to counsel's briefs. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* briefs.  Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit.  We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation.  *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).  Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt.  *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).  Based upon our review of the records, we agree with counsel that no arguable grounds for appeal exist.[2]

### Nonreversible Error

We note, however, that the judgment in trial court cause no. D-39,838 contains nonreversible error: the trial court's assessment of restitution and delinquent probation fees.  In its written judgment, the trial court ordered Appellant to pay "Restitution" in the amount of $3,100, which consisted of restitution in the amount of $130 payable to the Texas Department of Public Safety and restitution in the amount of $2,970 payable to Ector County Adult Probation.  When it pronounced its judgment from the bench, the trial court did not indicate that the $2,970 was restitution.  Because the oral pronouncement from the bench controls, *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014), we will address the propriety of both restitution and reimbursement/reparations.

#### DPS Fees

Although a trial court has authority to require a defendant to reimburse the DPS for lab fees as a condition of community supervision, *see* TEX. CODE CRIM.

---

[2]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

PROC. ANN. arts. 42A.301(b)(18), .651 (West Supp. 2019), a trial court has no authority to assess such fees when it revokes the defendant's community supervision and sentences him to imprisonment. *Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Amarillo 2007, no pet.); *see Sexton v. State*, No. 11-18-00278-CR, 2019 WL 4316791, at *1 (Tex. App.—Eastland Sept. 12, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication); *see also* CRIM. PROC. art. 42A.755 (West 2018). Thus, when it revoked Appellant's community supervision and adjudicated guilt, the trial court had no authority to order Appellant to reimburse the DPS for testing the controlled substance in the possession case. *See Aguilar*, 279 S.W.3d at 353; *see also Sexton*, 2019 WL 4316791, at *1; *King v. State*, No. 12-17-00194-CR, 2018 WL 345737, at *2 (Tex. App.—Tyler Jan. 10, 2018, no pet.) (mem. op., not designated for publication).

Furthermore, DPS fees are not properly subject to a "restitution" order. *See Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) (recognizing that restitution "may be ordered only to a victim of an offense for which the defendant is charged"); *Sexton*, 2019 WL 4316791, at *1. A trial court is authorized to order a defendant convicted of an offense to pay restitution to a victim of the offense or to a crime victim's assistance fund, not to an agency of the State of Texas such as the DPS. *See* CRIM. PROC. arts. 42.037(a), (i), 42A.301(b)(17); *Hanna*, 426 S.W.3d at 91, 94; *Sexton*, 2019 WL 4316791, at *1. Because the trial court had no authority to require Appellant to pay restitution to the DPS, the trial court erred when it imposed restitution in the amount of $130 payable to the DPS.

*Ector County Adult Probation Fees*

A trial court is authorized to impose monthly fees for community supervision to be paid during the period of community supervision. CRIM. PROC. art. 42A.652. However, we can find no current statute that would authorize a trial court to order a defendant to pay such fees after his community supervision has been revoked. We

note that the Fort Worth Court of Appeals has consistently held that delinquent community supervision fees may be assessed as "reparations." *See, e.g.*, *Kitchen v. State*, No. 02-18-00374-CR, 2019 WL 3069871, at *3 (Tex. App.—Fort Worth July 15, 2019, pet. ref'd) (en banc); *Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd); *Tucker v. State*, No. 02-15-00265-CR, 2016 WL 742087, at *2 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication). While we agree that the Texas Code of Criminal Procedure previously authorized the assessment of reparations, we do not believe that the Code continues to do so. As noted in 2016 by the Fort Worth Court of Appeals in *Tucker*, Article 42.03, section 2(b) of the Texas Code of Criminal Procedure provided that the trial court "shall enter the restitution *or reparation* due and owing on the date of the revocation." *Tucker*, 2016 WL 742087, at *2 (emphasis added) (quoting former CRIM. PROC. art. 42.03, § 2(b) (West Supp. 2015) and citing former CRIM. PROC. art. 42.12, § 19(a)). However, effective January 1, 2017, the legislature amended the Texas Code of Criminal Procedure to delete "or reparation" from the relevant sections of the Code. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, §§ 2.12, 4.02, 2015 Tex. Gen. Laws 2321, 2370, 2395 (H.B. 2299) (codified at CRIM. PROC. art. 42.03, § 2(b)); *Id.* § 1.01, at 2364 (codified at CRIM. PROC. art. 42A.755).

The current version of Article 42.03, section 2(b), which relates to the pronouncement of sentence, provides: "In all revocations of a suspension of the imposition of a sentence the judge shall enter the *restitution* due and owing on the date of the revocation." CRIM. PROC. art. 42.03, § 2(b) (emphasis added). Likewise, the current provision relating to the revocation of community supervision provides that a trial court "shall enter in the judgment in the case the amount of *restitution* owed by the defendant on the date of revocation." CRIM. PROC. art. 42A.755 (emphasis added). Any mention of "reparation" has been removed from the Code.

Therefore, the current provisions of the Code do not authorize a trial court, when revoking a defendant's community supervision, to impose reparations to be paid to a community supervision department for delinquent fees. Because the imposition of the $2,970 payable to the community supervision department was not authorized by statute, either as restitution or reparations, the trial court erred when it imposed that requirement.

When a trial court lacks statutory authority to impose the specific restitution order, such as when restitution has been ordered to be paid to someone who was not a victim of the offense, we should delete the restitution order. *Burt*, 445 S.W.3d at 757–58; *Sexton*, 2019 WL 4316791, at *1. The same holds true for an unauthorized reparation. Therefore, we modify the trial court's judgment in trial court cause no. D-39,838 to delete the following: "$3,100.00" shown as "Restitution," including the "$2,970.00" payable to Ector County Adult Probation and the "$130.00" payable to Texas Department of Public Safety.

### This Court's Ruling

Appellate counsel's motions to withdraw are granted. The judgment of the trial court in cause no. D-39,839 is affirmed. The judgment of the trial court in cause no. D-39,838 is modified to delete the amounts shown as restitution and, as modified, is affirmed.

PER CURIAM

April 16, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.