# NO. 12-21-00173-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HAROLD LLOYD ADAMS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Harold Lloyd Adams appeals his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

In April 2019, Appellant was charged by indictment with the offense of possession of a controlled substance, namely methamphetamine, in an amount of less than one gram, a state jail felony.[1] Appellant entered a negotiated plea bargain with the State. During a plea hearing where the trial court admonished Appellant as to the rights he waived in exchange for the recommended sentence as part of his plea agreement, Appellant admitted to violating his bond by consuming methamphetamine in August 2019. Nevertheless, after the hearing, in September 2019, the trial court placed Appellant on deferred adjudication community supervision for three years and,

---

[1] TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a), (b) (West Supp. 2021).

among other things, ordered that Appellant pay restitution to the Texas Department of Public Safety.[2]

In July 2021, the State filed a motion to adjudicate Appellant's guilt, alleging that Appellant violated the terms of his community supervision in that he failed to appear for a scheduled drug test, and that his subsequent urinalysis taken a few days later tested positive for methamphetamine and amphetamine.

At the subsequent hearing, Appellant pleaded "not true" to the substantive allegations against him in the State's motion. At the hearing, the trial court heard evidence from Appellant's community supervision officer that Appellant failed to report and submit a required drug test. The officer also testified that Appellant's subsequent drug test was positive for methamphetamine and amphetamine. A toxicologist testified that he tested the specimen and that it contained methamphetamine and amphetamine. The lab report confirming this result was admitted into evidence. Appellant's sister testified on his behalf, explaining that other than these violations, Appellant successfully complied with the terms of his community supervision. She explained that Appellant was an elderly man who had never been in legal trouble until he began using drugs later in life, and that he ran a successful business for several decades. She also theorized that the positive lab result could have been based on a topical liniment provided to Appellant by his elderly mother with whom she and Appellant resided.

During argument, the State pointed to the pattern of Appellant's continued drug use. Appellant continued to deny any consumption of the drugs found in the toxicology report. The State argued that Appellant should receive a twelve-month sentence of imprisonment, whereas Appellant contended he should receive an extension of his community supervision period. Accordingly, the trial court found that Appellant violated the terms of his community supervision, adjudicated him guilty of the offense, revoked his community supervision, and sentenced him to six months of imprisonment in a state jail facility. This appeal followed.

---

[2] The trial court ordered Appellant to pay restitution to the Texas Department of Public Safety as a condition of his deferred adjudication community supervision as opposed to the subsequent order adjudicating his guilt, which we have held is permissible. *See* *King v. State*, No. 12-17-00194-CR, 2018 WL 345737, at *2 (Tex. App.—Tyler Jan. 10, 2018, no pet.) (mem. op., not designated for publication) (citing *Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.)).

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with **Anders** and **Gainous**, stating that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with **Anders**, **Gainous**, and **High v. State**, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3] We have reviewed the record for reversible error and have found none. *See* **Bledsoe v. State**, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by **Stafford v. State**, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also* **In re Schulman**, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby granted, and the trial court's judgment is affirmed. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; **In re Schulman**, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See* **In re Schulman**, 22 S.W.3d at 408 n. 22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary

---

[3] In compliance with **Kelly v. State**, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See* **Kelly v. State**, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such brief has expired and no pro se brief has been filed.

review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 22 S.W.3d at 408 n. 22.

Opinion delivered May 18, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 18, 2022**

**NO. 12-21-00173-CR**

**HAROLD LLOYD ADAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0487-19)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*